## MATTER OF BOHMWALD

### In Deportation Proceedings

### A-19898055

*Decided by Board August 17, 1973*

Motion to reopen the deportation proceedings to permit an application for withholding of deportation of Chile pursuant to the provisions of section 243(h) of the Immigration and Nationality Act, as amended, is denied where the motion is unsupported and does not make a *prima facie* showing that the alien has a well-founded fear of persecution on account of race, religion, nationality, membership of a particular social groups, or political opinion.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted.

ON BEHALF OF RESPONDENT:
Edward Lopez, Esquire
153 Glendale Boulevard
Los Angeles, California 90026

ON BEHALF OF SERVICE:
Reece B. Robertson
Trial Attorney

This is an appeal from an order of an immigration judge denying the respondent's motion to reopen. The appeal will be dismissed.

Respondent is a male alien, native and citizen of Chile, who was admitted to the United States on or about November 4, 1970 as a nonimmigrant visitor and remained longer than permitted. At a hearing before an immigration judge on January 26, 1973, respondent admitted the truth of the factual allegations of the order to show cause and conceded deportability. The immigration judge found him to be deportable and granted him the privilege of departing voluntarily by April 26, 1973. Appeal to this Board was waived and the order of the immigration judge became final. In accordance with the usual practice where there is no appeal, the minutes of the hearing were not transcribed. Respondent failed to depart and the alternate deportation order vested.

On May 16, 1973 counsel for respondent filed a motion to reopen to permit him to apply for withholding of deportation to Chile under section 243(h) of the Immigration and Nationality Act. The motion, which is unsupported by affidavit or other evidentiary

material as required by 8 CFR 3.8(a), states in conclusory terms that respondent is a member of the Catholic faith and opposed to the Communist form of government presently in power in Chile; and that he would be persecuted if deported to Chile because he is opposed to the Communist form of government now in power in Chile and because he could not practice his religion. In his brief order dated June 6, 1973 now before us on appeal, the immigration judge denied the motion. The immigration judge refers to a petition for review filed by respondent in the United States Court of Appeals for the Ninth Circuit on May 16, 1973, which is still apparently pending.

We do not need a transcript of the deportation hearing to adjudicate the appeal. In his motion to reopen, counsel does not refer to, and apparently does not rely on, any evidence adduced at that hearing. The motion to reopen makes no *prima facie* showing that respondent has a well-founded fear of persecution in Chile on account of his race, religion, nationality, membership of a particular social group, or political opinion (*Matter of Dunar*, Interim Decision No. 2192 (BIA, 1973)). The motion was properly denied.

**ORDER:** The appeal is dismissed.